# HAYS *v.* STEIGER.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 67. Submitted November 9, 1894. — Decided March 4, 1895.

The grant of the Agua Caliente to Lazaro Pina by Governor Alvarado in 1840 was a valid grant, and embraced the tract in controversy in this action.

THE case is stated in the opinion.

*Mr. Frederic Hall* and *Mr. James A. Waymire* for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This case comes before us on writ of error from the Supreme Court of California. It was an action originally brought by the plaintiff in the Superior Court of one of the counties of that State, claiming an equitable right to 110.80 acres of land which is part of 160 acres of public land for which a preëmp-

tion claim was filed by one John Mann, through whom the plaintiffs in error claim as heirs at law, charging the defendant as trustee of the legal title, and praying that he be compelled to transfer it to them as the true owners thereof.

The defendant demurred to the complaint and had judgment thereon. The plaintiffs stood upon the sufficiency of their complaint, and appealed from the judgment of the inferior court, which was, however, affirmed.

From the latter judgment the case is brought to this court on a writ of error.

Mann, through whom the plaintiffs in error claim as heirs, was a qualified preëmptor on one hundred and sixty (160) acres of unsurveyed public land in Sonoma County, California, which embraced the 110.80 acres in controversy here. He made improvements upon the land and resided upon it until his death, which took place in July, 1872. He died intestate.

The township in which the one hundred and sixty (160) acres were situated was afterwards surveyed, and an approved plat thereof was filed in the United States land office in San Francisco in August, 1880.

In October following one of the plaintiffs, on behalf of the heirs of Mann, filed with the register and receiver of the land office a declaratory statement claiming the right to preëmpt, for the benefit and use of the heirs, one hundred and sixty (160) acres of land.

In November, 1880, the defendant in error filed in the land office an application claiming, as a homestead, a certain portion of the land which included the 110.80 acres. The defendant had entered upon the land in dispute in 1870, without the consent of Mann or the plaintiffs.

No entry of any kind was made by the defendant prior to 1870 upon the premises. He claimed the right to purchase the land under the provisions of section seven of the act of Congress of July 23, 1866, entitled "An act to quiet land titles in California." The object of that section was to withdraw from the general operation of the preëmption laws lands continuously possessed and improved by a purchaser under a Mexican grant, which was subsequently rejected, or limited

to a less quantity than that embraced in the boundaries designated, and to give to him, to the exclusion of all other claimants, the right to obtain the title. The land applied for by both parties, to the extent of 110.80 acres, was within the exterior boundary of the Mexican grant known as Agua Caliente, but which was excluded by the final survey of the United States. The defendant was a purchaser of the land thus excluded, for a valuable consideration, from parties who purchased from the original grantee.

The record contains a description of the grant and sets forth the various proceedings for its recognition and confirmation and survey, which we follow in the history of the proceedings as substantially correct.

The grant was made to Lazaro Pina by Alvarado, as governor of California, in October, 1840, and was approved by the departmental assembly in October, 1845. The claim of title to the grant was confirmed by the United States District Court and by this court.

The description of the land in the decree of confirmation is as follows:

" The land of which confirmation is made is situated in the present county of Sonoma, and is of the extent of two leagues and a half in length by a quarter of a league in width, and known by the name of Agua Caliente, and is bounded on the southwest by the arroyo of the Rancho of Petaluma, on the southeast by the town of Sonoma, on the north by the hills and mountains which intervene and separate the rancho of Mr. John Wilson, being the same land which was granted to Lazaro Pina by Governor Alvarado."

The parties proved their respective claims to enter the land before the register and receiver, who decided in favor of the defendant in error.

An appeal was taken to the Commissioner of the General Land Office from the decision of the register and receiver. That officer reversed their decision and rendered one in favor of the plaintiffs.

A further appeal was taken to the Secretary of the Interior, who reversed the decision of the Commissioner and affirmed

that of the register and receiver. Subsequently a patent was regularly issued to the defendant by the United States for a tract of land embracing the 110.80 acres in dispute.

An official survey of the grant to Pina had been made in December, 1870, which was approved. By the survey adopted the arroyo mentioned in the grant was made a fixed boundary on the westerly side.

The survey embraced two and one-half leagues in length and nearly parallel to the general course of the arroyo, and one-quarter of a league in width on the easterly side of the arroyo. The easterly side was situated to the west of the so-called Napa Hills. Upon the publication of the survey objections were filed thereto by the defendant and others, claiming that the eastern boundary did not extend far enough to the east to protect them.

In February, 1878, the Commissioner of the General Land Office decided that the grant of Agua Caliente was a grant limited in quantity by the calls of the title papers and decree of the United States courts to two and one-half leagues in length by one-quarter of a league in width; that the arroyo was the westerly boundary; and that the survey contained the quantity; that the eastern line was the exterior boundary, according to the calls of the grant; that of the boundary described in the decrees the northern must be regarded as the eastern boundary, and that where hills or mountains are described as the location calls of a grant the boundary must follow the foot or base of the hills or mountains.

The Commissioner approved the survey, and on appeal to the Secretary of the Interior the decision was affirmed.

One of the questions involved was as to the construction of the eastern boundary of the Pina grant and whether the land in dispute was within the exterior boundaries. The grant was for a fixed quantity of land, with the arroyo for the westerly boundary and with the southeast boundary of the town of Sonoma.

It was contended that the land was not within the exterior boundary of the grant, and that the register and receiver and Secretary of the Interior erred in holding that it was,

and awarding it to the defendant, but this contention was not sustained.

Conceding that the hills or mountains mentioned in the decree of confirmation as the northern boundary are really upon the east and form the eastern boundary, and that where a grant is described as bounded by hills and mountains the line runs along the base and not the summit of the hills, it does not appear that the land in controversy was not within the boundaries of the grant as originally made and confirmed. It was held that it might be, and that it was in fact. It follows that the defendant should have received as his preëmptive right the whole of the 160 acres claimed by him, the whole amount being within the limits of the grant finally confirmed to the grantee from whom he purchased, and the judgment in his favor should be, therefore,

*Affirmed.*